IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID MITCHELL,<br><br>      Petitioner,<br><br>      v.<br><br>BRIAN EMIG, Warden, and<br>ATTORNEY GENERAL OF THE<br>STATE OF DELAWARE,<br><br>      Respondents. | )<br>)<br>)<br>)<br>)   Civil Action No. 22-1542-CFC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM ORDER**

In November 2022, Petitioner David Michell filed papers contending that: (1) his violation of probation sentence was not properly credited with the time he served in custody from September 1, 2021 to October 20, 2021 while awaiting his violation-of-probation hearing (D.I. 2 at 10); (2) the Superior Court judge imposed excessive bail (D.I 2 at 5, 8); and (3) the Superior Court judge presiding over his case engaged in misconduct by yelling and ignoring Petitioner's right to face his accusers (D.I. 2. at 7). The Petition indicates that "all charges during [Petitioner's] probation period have been dropped except a criminal trespassing charge that is still pending." (*Id.* at 5) For relief, Petitioner asks to have all pending charges and his probation conviction dismissed, to be immediately released, to be compensated for his incarceration, and to have the state court judge who presided over his violation of probation hearing attend anger management training. (D.I. 2 at 12)

Upon initial review of Petitioner's filing, the Court recognized that requests for monetary damages and requests to require anger management training for state court judges are not properly asserted in a habeas proceeding. (D.I. 4 at 2 n.1) Nevertheless, the Court liberally construed Petitioner's filing to be a petition seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254 because his other allegations challenged the legality of his custody. (D.I. 4 at 2 & n.1) The Court issued an initial AEDPA Order explaining Petitioner's rights under § 2254, provided an AEDPA Election Form with options for Petitioner to indicate how he wished to proceed, and provided Petitioner with a form § 2254 application so that he could clarify his intentions. (D.I. 4)

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief."[1] Rule 4, 28 U.S.C. foll. § 2254. Importantly, a petitioner is not entitled to federal habeas relief under § 2254 unless he has exhausted state remedies for his habeas claims by "fairly presenting" the substance of the claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider them on the merits. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

---

[1] As a general rule, habeas petitions filed pursuant to 28 U.S.C. § 2254 must be filed within one year of the petitioner's judgment of conviction becoming final. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner is responsible for determining the events that trigger and toll the limitations period.

To date, Petitioner has not filed the AEDPA Election Form or a completed form § 2254 application. Instead, on January 26, 2023, Petitioner filed an Exhibit in Support of his claim for proper sentence credit (D.I. 5) and a letter and exhibit indicating that he has a proceeding pending in the Delaware courts for return of property and "two motions for time previously served" that have been pending for months (D.I. 6 at 2-3; D.I. 6-1).

According to the Delaware Inmate Locator, Petitioner was released on probation or parole on February 6, 2023, and his custody status is listed as "supervised custody." *See* https://vinelink.vineapps.com/person-detail/offender/25006560;tabIndexToSelect=0 In other words, Petitioner has obtained one form of relief he requested (immediate release), and Petitioner's additional filing in January 2023 indicates that he is attempting to exhaust state remedies for at least one ground for relief in his Petition. Given these circumstances, the Court could summarily dismiss the Petition as moot (due to the fact that Petitioner obtained the relief requested (immediate release)) and/or as unexhausted (due to Petitioner's failure to exhaust his remaining proper grounds for habeas relief). Nevertheless, the Court will exercise prudence and provide Petitioner with one more opportunity to file a completed form § 2254 application clarifying his claims and indicating whether he has exhausted state remedies for all grounds for relief.

NOW, THEREFORE, at Wilmington this Fifth day of April 2023;

IT IS ORDERED that Petitioner shall have twenty-eight days from the entry of this Order to file a completed form § 2254 application and a completed AEDPA Election

Form. Failure to comply with this deadline will result in summary dismissal for failure to prosecute.

_____
Colm F. Connolly
Chief Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID A. MITCHELL, | : |
| Petitioner, | : |
| v. | : Civ. A. No. 22-1542-CFC |
| BRIAN EMIC, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

**AEDPA ELECTION FORM**

1. _____   I understand that the Court has construed my initial filing as seeking federal habeas relief, and I have filed a completed form § 2254 application. I realize that the law does not allow me to file successive or later petitions unless I receive certification to do so from the United States Court of Appeals for the Third Circuit; therefore, this petition will be my one opportunity to seek federal habeas corpus relief.

2. _____   I wish to amend my § 2254 application to include all the grounds I have. I will do so within thirty (30) days. I realize that the law does not allow me to file successive or later petitions unless I receive certification to do so from the United States Court of Appeals for the Third Circuit; therefore, this amended all-inclusive application will be my one opportunity to seek federal habeas corpus relief.

3. _____   I wish to withdraw my § 2254 application without prejudice to file one all-inclusive application in the future; that is, one that raises all the grounds I have for federal habeas corpus relief. I realize this all-inclusive application must be filed within the one-year period as defined by 28 U.S.C. § 2244(d).  See *Swartz v. Meyers*, 204 F.3d 417 (3d Cir. 2000).

4. _____   I am not seeking federal habeas corpus relief under § 2254.
I am instead seeking relief under
_____.

_____
Petitioner