IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID MITCHELL,  )<br>)<br>Petitioner,  )<br>)<br>v.  )<br>)<br>BRIAN EMIG, Warden, and  )<br>ATTORNEY GENERAL OF THE  )<br>STATE OF DELAWARE,  )<br>)<br>Respondents.  )<br>) | Civil Action No. 22-1542-CFC |

## MEMORANDUM ORDER

At Wilmington this Eighteenth day of May in 2023;

1. On April 5, 2023, the Court entered an Order for Petitioner to: (a) file a completed form § 2254 application clarifying his habeas claims and indicating whether he had exhausted state remedies for those claims; and (b) file a completed AEDPA Election Form. (D.I. 7) The Order explained that Petitioner's failure to comply with these requirements would result in summary dismissal for failure to prosecute. (D.I. 7)

2. On May 3, 2023, Petitioner filed an AEDPA Election Form indicating that he is not seeking relief under 28 U.S.C. § 2254 but, rather, he is seeking relief under "upcoming CCP charges." (D.I. 10 at 2) Petitioner did not file a completed form § 2254 application.

THEREFORE, IT IS ORDERED that:

1. Petitioner David Mitchell's Petition (D.I. 2) is summarily DISMISSED for failing to assert any discernible cognizable basis for federal habeas review. *See* Rules

Governing Habeas Corpus Cases Under Section 2254, Rule 4, 28 U.S.C. foll. § 2254 (stating a federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief.")  Even if the Court were to liberally construe Petitioner's reference to "upcoming CCP charges" as a challenge to unidentified charges that may be currently pending in Delaware's Court of Common Pleas, Petitioner's cryptic presentation does not provide enough information for the Court to review his Petition. Importantly, Petitioner still has not indicated whether he has exhausted state remedies, and he appears to be challenging pending *charges* in the Court of Common Pleas instead of a *conviction*.[1]

    2. The Clerk of the Court is directed to CLOSE the case.

                                                                   */s/ Colm F. Connolly*
                                                                   Colm F. Connolly
                                                                   Chief Judge

---

[1] "[W]hen a petitioner is attempting to "abort a trial in the state courts" by seeking to dismiss pending state charges, to grant habeas review would be to permit premature litigation of constitutional defenses in federal court. Consequently, federal habeas review is not available unless the petitioner has exhausted state remedies and he makes 'a special showing of the need for such adjudication' or he demonstrates 'extraordinary circumstances' sufficient to excuse his failure to exhaust. *McDowell v. Chesney*, 2004 WL 1376591, at *5 (D. Del. June 17, 2004).